## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Advanced Practice Solutions, L.L.C. | )<br>)<br>) Civil Action No. 14-CV-183 |
| Plaintiff, | )<br>) |
| v. | ) **COMPLAINT**<br>) |
| ADVANCEDPRACTICE.COM, LLC | ) **DEMAND FOR JURY TRIAL**<br>) |
| Defendant. | )<br>) |

Plaintiff Advanced Practice Solutions, L.L.C. for its complaint against ADVANCEDPRACTICE.COM, LLC states and alleges as follows:

### NATURE OF ACTION

1. This is an action for trademark infringement, deceptive trade practices and unfair competition, and other relief arising under the trademark laws of the United States of America, specifically 15 U.S.C. § 1051 *et seq.* (the "**Lanham Act**").

2. Plaintiff Advanced Practice Solutions, L.L.C. (hereinafter "**Plaintiff**" or "**Advanced Practice Solutions**"), brings this action to protect itself from Defendant ADVANCEDPRACTICE.COM, LLC's (hereinafter "**Defendant**") infringement of Advanced Practice Solutions' trademark for its ADVANCED PRACTICE SOLUTIONS mark used generally in the field of professional staffing and recruiting services, including temporary placement of health care professionals and health care providers.  Upon information and belief,

1

Defendant has and continues to engage in using the confusingly similar mark ADVANCEDPRACTICE.COM to promote substantially similar, if not virtually identical, services. This practice infringes upon Advanced Practice Solutions' trademarks and constitutes trademark infringement.

3. This action seeks permanent injunctive relief and damages against Defendant's willful infringement of Advanced Practice Solutions' federally protected trademarks in violation of the Lanham Act.

## THE PARTIES

4. Plaintiff Advanced Practice Solutions is a Minnesota Limited Liability Company with its registered office and principal place of business located at 2882 Middle Street, St. Paul, Minnesota, 55117. Advanced Practice Solutions is generally engaged in providing, *inter alia,* professional staffing and recruiting services, including temporary placement of health care professionals and health care providers in interstate commerce throughout the United States.

5. Upon information and belief, Defendant is a Georgia Limited Liability Company with its registered office and principal place of business located at 2655 Northwinds Parkway, Alpharetta, Georgia, 30009, and is also engaged in providing, *inter alia,* temporary placement of health care professionals and health care providers in interstate commerce throughout the United States, including the State of Minnesota.

## JURISDICTION AND VENUE

6. This civil action arises under the Acts of Congress relating to

trademarks, namely, the Lanham Act, 15 U.S.C. § 1051 *ET. SEQ.*, and particularly 15 U.S.C. § 1125(a).

7. This court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1121.

8. Upon information and belief, this court has personal jurisdiction over Defendant because Defendant conducts business within the District of Minnesota.

9. Venue is proper in the District of Minnesota because Plaintiff's claims arise in this jurisdiction and each party does business in this judicial district.

## BACKGROUND

10. Plaintiff Advanced Practice Solutions, through itself and predecessors in interest, first began use of the ADVANCED PRACTICE SOLUTIONS mark in May, 1998, and in interstate commerce since at least May, 2001, in association with providing, *inter alia,* professional staffing and recruiting services, including temporary placement of health care professionals and health care providers (hereinafter "**Advanced Practice Solutions' services**"). Attached herewith as **Exhibit A** is a true and correct snapshot of Advanced Practice Solutions' internet website as can be viewed at www.advancedpracticesolutions.com, containing the ADVANCED PRACTICE SOLUTIONS mark and promoting Advanced Practice Solutions' services.

11. Since at least about May, 1998, Advanced Practice Solutions, through itself and its predecessors in interest, has continually used the ADVANCED PRACTICE SOLUTIONS trademark in commerce.

12. Since at least May, 2001, Advanced Practice Solutions, through itself and its predecessors in interest, has continually used the ADVANCED PRACTICE SOLUTIONS trademark in interstate commerce.

13. Advanced Practice Solutions is the owner of U.S. Trademark Application Serial Number 85/798,350 ("**the '350 application**"), filed December 10, 2012, for the mark ADVANCED PRACTICE SOLUTIONS as used in connection with professional staffing and recruiting services. By way of Office Actions dated April 2 and October 31, 2013, the '350 application has been refused registration under Section 2(d) of the Lanham Act, 15 U.S.C. § 1052(d), as being likely to be confused with U.S. Reg. No. 4,208,007 for the mark ADVANCEDPRACTICE.COM and U.S. Reg. No. 4,323,200 for the mark ADVANCEDPRACTICE.COM and Design which appears as follows:

![ADVANCED PRACTICE.COM logo]

14. Upon information and belief, Plaintiff and Defendant are competitors.

15. Upon information and belief, Defendant is the owner of U.S. Reg. Nos. 4,208,007 and 4,323,200 (collectively, "**Defendant's imitation marks**").

4

16. U.S. Reg. No. 4,208,007 lists a date of first use as May 29, 2009 with a date of first use in commerce as July 12, 2009, in association with the following services: Employment agency services, namely, temporary placement of health care professionals and health care providers. Attached herewith as **Exhibit B** is a true and correct copy of the Certificate of Registration for U.S. Reg. No. 4,208,007.

17. U.S. Reg. No. 4,323,200 lists a date of first use and a date of first use in commerce as February 9, 2012, in association with the following services: Temporary and permanent placement services with health care professionals. Attached herewith as **Exhibit C** is a true and correct copy of the Certificate of Registration for U.S. Reg. No. 4,323,200.

18. Upon information and belief, Defendant continues to use Defendant's imitation marks in interstate commerce. Attached herewith as **Exhibit D** are true and correct snapshots of internet web pages which upon information and belief are operated, affiliated with or owned by Defendant and promoting Defendant's services both here in Minnesota and throughout the United States.

19. The goods and services set forth in the aforementioned registrations are identical or closely related to the goods and services offered Advanced Practice Solutions in connection with its ADVANCED PRACTICE SOLUTIONS service mark.

20. Upon information and belief, Defendant did not form as a

legal entity until on or about July 14, 2009.

21. Since well prior to Defendant's inception or any alleged dates of first use of Defendant's imitation marks, Advanced Practice Solutions, through itself and predecessors in interest, has continually used the ADVANCED PRACTICE SOLUTIONS mark in interstate commerce.

22. Since well prior to Defendant's inception or any alleged dates of first use of Defendant's imitation marks, Advanced Practice Solutions, through itself and predecessors in interest, has continually used the ADVANCED PRACTICE SOLUTIONS mark in the State of Minnesota.

23. Since well prior to Defendant's inception or any alleged dates of first use of Defendant's imitation marks, Advanced Practice Solutions, through itself and predecessors in interest, has continually used the ADVANCED PRACTICE SOLUTIONS mark in the State of Georgia.

24. Plaintiff's use of its ADVANCED PRACTICE SOLUTIONS mark preceded by many years the adoption of Defendant's imitation marks. Because Advanced Practice Solutions has an earlier date of use, Advanced Practice Solutions has priority of use.

25. Upon information and belief, Defendant has imitated, adopted and used confusingly similar marks, namely those as identified in U.S. Reg. Nos. 4,208,007 and 4,323,200, that confuses the Defendant with the Plaintiff. Upon further information and belief, such imitation, adoption and use did not initiate until on or after Plaintiff's first use of its ADVANCED PRACTICE SOLUTIONS

mark.

26. Upon information and belief, at the time of Defendant's initial imitation, adoption and use of the confusingly similar marks, namely those as identified in U.S. Reg. Nos. 4,208,007 and 4,323,200, Defendant was aware of Advanced Practice Solutions' use of Advanced Practice Solutions' ADVANCED PRACTICE SOLUTIONS mark in association with Advanced Practice Solutions' services.

### COUNT I:  VIOLATION OF §43(a) OF THE LANHAM ACT

27. Plaintiff Advanced Practice Solutions incorporates by reference the allegations in the preceding paragraphs as if set forth in full herein.

28. Count I arises under Section 43(a) of the Federal Trademark Act of 1946 as amended (15 U.S.C. §1125(a)).

29. For many years, Advanced Practice Solutions has used its ADVANCED PRACTICE SOLUTIONS mark in association with Advanced Practice Solutions' services as provided by Advanced Practice Solutions and marketed in interstate commerce throughout the United States.

30. Advanced Practice Solutions has used its marks to distinguish Advanced Practice Solutions' services from all other services of the same classes, and Advanced Practice Solutions has acquired substantial goodwill through the use of the aforementioned marks.

31. Advanced Practice Solutions' mark has acquired secondary meaning to the public indicating Advanced Practice Solutions as the source of its

services.

32. Advanced Practice Solutions' use of its aforementioned marks preceded by many years Defendant's adoption of Defendant's imitation marks.

33. Defendant's use of Defendant's imitation marks constitute acts in violation of 15 U.S.C. §1125(a) in that such use is likely to cause confusion, cause mistake or deceive as to affiliation, connection or association of Defendant with Plaintiff Advanced Practice Solutions.

34. Defendant's use of Defendant's imitation marks falsely attributes Plaintiff Advanced Practice Solutions as the origin, sponsorship or approval of the Defendant's products or services, and falsely represents that the Defendant's products or services are provided by, marketed by, sponsored by, approved of or licensed by Plaintiff Advanced Practice Solutions.

35. As a proximate result of the Defendant's acts, Plaintiff Advanced Practice Solutions has suffered detriment to its business, goodwill, reputation and profits, all to its damage in an amount as yet not fully ascertained.

36. Defendant's conduct constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Trademark Act (15 U.S.C. § 1125(a)).

37. As Defendant has flagrantly disregarded the rights of Plaintiff Advanced Practice Solutions, this is an exceptional case and Advanced Practice Solutions is entitled to recover three times its damages plus reasonable attorney's

fees pursuant to 15 U.S.C. §1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Advanced Practice Solutions prays for the following relief:

(a) that this Court grant an injunction pursuant to 15 U.S.C. § 1116, enjoining Defendant and his/her agents, managers, officers, directors, servants and employees from directly or indirectly using the color orange, or any confusingly similar color, in association with Advanced Practice Solutions' services;

(b) that this Court order pursuant to 15 U.S.C. § 1118, that all signs, labels, printouts, packages, samples, inventories, products, catalogs, price lists, wrappers, receptacles, and advertisements in the possession of Defendant which are the same or confusingly similar to Plaintiff Advanced Practice Solutions' mark be delivered up to Advanced Practice Solutions for destruction;

(c) that this Court pursuant to 15 U.S.C. § 1117 order Defendant to account to Plaintiff Advanced Practice Solutions for any and all profits derived from the sale of goods or services, and for all damages sustained by Plaintiff Advanced Practice Solutions by reason of trademark infringement complained of herein;

(d) that this Court pursuant to 15 U.S.C. § 1117 award Plaintiff Advanced Practice Solutions the amount of actual damages suffered

by Plaintiff Advanced Practice Solutions and that that amount be trebled;

(e)  that the costs of this action be awarded to Plaintiff Advanced Practice Solutions in that this is an exceptional case and that Plaintiff Advanced Practice Solutions be awarded its reasonable attorneys' fees; and

(f)  that this Court award such other and further relief as shall be deemed just.

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff Advanced Practice Solutions hereby demands a jury trial on all issues so triable.

Respectfully submitted,

**Advanced Practice Solutions, L.L.C.**

Dated: 17 January 2014

By: s/Dustin R. DuFault/
Dustin R. DuFault (No. 302,776)
**DuFault Law Firm, P.C.**
PO Box 1219
Minnetonka, Minnesota 55345
Tel: (952) 935-4392
Fax: (866) 936-4542
DDuFault@DuFault-Law.com

**ATTORNEY FOR PLAINTIFF**
**Advanced Practice Solutions, L.L.C.**